UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER D. CRAFT, SR., | |
| Plaintiff, | |
| -against- | 22-CV-10347 (LTS) |
| NEW YORK STATE SUPREME COURT, DUTCHESS COUTY; JUDGE CHRISTIE L. D'ALESSIO, | ORDER OF DISMISSAL |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action against the Supreme Court of the State of New York, Dutchess County, and the judge who presided over a hearing for an order of protection against Plaintiff. By order dated December 8, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Christopher Craft, Sr., alleges the following facts. On June 21, 2022, Justice D'Alessio of the Supreme Court of the State of New York, Dutchess County, "held a hearing against [Plaintiff] for an order of protection." (ECF 2 at 5.) New York State Trooper Brian McGee had a handwritten order of protection application and a "falsified search warrant application." (*Id.*) Justice D'Alessio denied Plaintiff's requests to cross examine Trooper McGee and to access the body camera footage. (*Id.*) Plaintiff contends that the denial of these requests violated his right to procedural due process. Justice D'Alessio "found Plaintiff guilty on the application for the order of protection," which, among other things, prohibits Plaintiff from owning or purchasing a gun for one year.

Plaintiff contends that he is an "avid outdoorsman," who hunts, fishes, and traps animals in order to provide for his family. He argues that Justice D'Alessio's order is "illegal." (*Id.*)

Plaintiff sues Justice D'Alessio, and the Supreme Court of the State of New York, Dutchess County. Plaintiff seeks damages and requests that defendants be criminally prosecuted. (*Id.* at 6.)

## DISCUSSION

### A.     Eleventh Amendment Immunity

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. Plaintiff sues the Supreme Court of the State of New York, Dutchess County, which is part of the New York State Unified Court System, N.Y. Const. Art. VI, § 29(a).[1] The Supreme Court of the State of New York, Dutchess County, "is unquestionably an 'arm of the State.'" *Id.* at 368.

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).  Because the Supreme Court of the State of New York, Dutchess County, is an arm of the State of New York, the Eleventh

---

[1] *See* N.Y. Const. Art. VI, § 29(a) ("The legislature shall provide for the allocation of the cost of operating and maintaining the court of appeals, the appellate division of the supreme court in each judicial department, the supreme court, the court of claims, the county court, the surrogate's court, the family court, the courts for the city of New York established pursuant to section fifteen of this article and the district court, among the state, the counties, the city of New York and other political subdivisions.").

3

Amendment bars Plaintiff from pursuing his Section 1983 claims against this defendant in federal court. Plaintiff's Section 1983 claims against the Supreme Court of the State of New York, Dutchess County, are therefore dismissed based on Eleventh Amendment immunity.

**B.     Judicial Immunity**

Plaintiff also sues Justice D'Alessio, a judge of the Supreme Court of the State of New York. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff fails to allege any facts showing that Justice D'Alessio acted beyond the scope of his judicial responsibilities or outside his jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues Justice D'Alessio for "acts arising out of, or related to, individual cases before him," Justice D'Alessio is immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Justice D'Alessio because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii).

Plaintiff also cannot prosecute criminal charges against Justice D'Alessio. "[T]he decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Prosecutors have discretion whether or to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). The Court therefore dismisses all of Plaintiff's claims against Justice D'Alessio.

C.   **Review of State Court Decisions**

To the extent that Plaintiff can be understood as challenging the judgment for the order of protection against him, the Court notes that federal district courts lack jurisdiction to review state court judgments. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (" [F]ederal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments.") (per curiam). If Plaintiff wishes to seek review of Justice D'Alessio's decision, his remedy, if any, lies within the state court system.

The *Rooker-Feldman* doctrine – created by two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – precludes federal district courts from reviewing final judgments of the state courts. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that federal district courts are barred from deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). The *Rooker-Feldman* doctrine applies where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings

after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).

Here, insofar as Plaintiff is seeking to overturn or vacate the judgment granting an order of protection against him, he is alleging that he lost in state court before he commenced these proceedings; he is complaining of injuries caused by the judgment granting the order of protection; and he is inviting this Court to reverse that judgment. Such a claim must therefore dismissed under the *Rooker-Feldman* doctrine because lower federal courts cannot review state court judgments.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Judgment shall issue.

SO ORDERED.

Dated:   December 19, 2022
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge